IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HERBERT LEE CAMPBELL,<br><br>                    Plaintiff,<br><br>       vs.<br><br>SUZANNE M. KIRKLAND, et al.,<br><br>                    Defendants. | 4:12CV3016<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on correspondence from Plaintiff Herbert Lee Campbell, which the court liberally construes as a motion for status. (Filing 15.) Plaintiff addresses his letter to the late Honorable Warren K. Urbom[1] and asks for an investigation into why no subpoenas were issued in this case despite his payment of the filing fee and into his alleged wrongful conviction. Plaintiff also asks that his letter be forwarded to "Administrator [Michael E.] Gans, Steve Lathrop, Christopher Wray, and Justice Thomas of the U.S. Supreme Court." (*Id.* at CM/ECF p. 2.)

    Plaintiff is advised that no subpoenas were issued in this case because he failed to pay the initial partial filing fee by the July 23, 2012 deadline as ordered by the court. Consequently, the late Honorable Laurie Smith Camp,[2] to whom this case was assigned, dismissed this matter without prejudice on August 14, 2012. (Filing 13.) Copies of the order and judgment were mailed to Plaintiff and were not returned to the court as undeliverable. (*See* Filings 13 & 14, Docket Text.) The Docket Sheet shows Plaintiff's institution started collecting and remitting payment of the $350.00 filing fee to this court in January 2013. The dismissal of Plaintiff's suit on August 14, 2012, did not relieve him from his obligation to pay the $350.00

---

[1] Judge Urbom passed away in 2017.
[2] Judge Smith Camp passed away in 2020.

filing fee. As Plaintiff was advised when he was granted leave to proceed in forma pauperis in this case (filing 6), the Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal," and Plaintiff would remain responsible for the entire filing fee, as long as he is a prisoner, even if the case was dismissed at some later time. *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

To the extent Plaintiff seeks the court's assistance with an "investigation" or communication with other officials, the court cannot and will not provide such assistance.

IT IS THEREFORE ORDERED that: Plaintiff's correspondence (filing 15) construed as a motion for status, is denied.

Dated this 10th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge
Supervising Pro Se Judge

2